LAW OFFICES
# David Wikstrom
5 COLUMBUS CIRCLE - 11TH FLOOR
NEW YORK, NEW YORK 10019

E-MAIL: DAVID@DAVIDWIKSTROM.COM
WWW.DAVIDWIKSTROM.COM

TELEPHONE: (212) 248-5511
FACSIMILE: (212) 248-2866

May 17, 2022

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:  United States v. Jonatan Correa
            20 CR 18 (RMB)

Dear Judge Berman:

    I write to request that the Court order the early termination of the 27-month term of Supervised Release that Mr. Correa is currently serving, pursuant to 18 U.S.C. §3583(e)(1). That section provides in pertinent part that

> [t]he court may, after considering the factors set forth in section [3553(a)(1)–(a)(7)] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

    Mr. Correa was arrested in Kansas on August 26, 2020, pursuant to a warrant issued the day before in the Southern District of New York. The warrant was based on an indictment charging him with conspiracy to produce and distribute copyright-infringing material, in violation of 18 U.S.C. §371, 17 U.S.C. §506, and 18 U.S.C. §2319. He pleaded guilty on January 12, 2021, and on May 19, 2021 he was sentenced to 27 months' Supervised Release, conditioned upon, *inter alia*, 90 days of custody in a Community Confinement Center in his district of residence. The Court also entered a forfeiture judgment, which was paid immediately. Mr. Correa completed the custodial portion of his sentence without incident, and continues to serve the remainder of the Supervised Release term. When the case is before the Court for a conference on May 26, 2022, he will have served more than a year of his term of supervision. He will thus be eligible for early termination under §3583(e)(1). For the reasons which follow, the Court should grant the motion. Mr. Correa's supervising Probation Officer informs me that her office does not oppose early termination.

    Supervised release, and its precepts and rules, are distinct from the imprisonment portion of a criminal sentence, 18 U.S.C. 3583(a) ("The court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, *may* include as a part of the sentence a requirement that

the defendant be placed on a term of supervised release…) Supervised release is designed to achieve rehabilitative ends, and to assist offenders in transitioning from prison to life in the community. (*See* 18 U.S.C. §3553(a)(2)(D); see also S.Rep. No. 98–225, p. 124 (1983) ("the primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release").

The Court already knows from the PSR, and the sentencing submissions that were filed more than a year ago, that Mr. Correa is and was what we hope everyone emerging from the criminal justice system will be: a law-abiding, responsible, productive individual, an individual who puts obligations to family and work first. This has continued since Court's imposition of sentence. Mr. Correa still operates his two home-improvement companies, First Impression Painting and First Impression Drywall; they have both grown significantly. He has more subcontractors working at more sites, and projected annual revenues from the companies has grown by more than 70% over the last year. He has crews working at more than two dozen work sites throughout Kansas and Missouri. To say that Mr. Correa works "full-time" in operating these businesses would be a vast understatement. And he has done that while at the same time reporting on schedule, and complying with the drug testing and weekly therapy conditions of Supervised Release.[1]



In short, Mr. Correa's reintroduction to the community following his custodial term has been a great success. He has lived under the strictures of Supervised Release for more than a year, and was under Pretrial Services supervision for ten months before that, and at all times was fully compliant.

Section 3583 provides that so long as a defendant has served at least one year of his term of supervised release, a district court may terminate the term "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The statute directs the court to consider many of the same factors that the court weighs when imposing the original sentence. Thus, the statute directs the court to make an evaluation based on 18 U.S.C. §3553(a)(1)(nature and circumstances of the offense and the defendant's history and characteristics), (a)(2)(B)(need to deter criminal conduct), (a)(2)(D)(need to provide the defendant with correctional

---

[1] Those conditions were terminated by the Court with the parties' consent on 10/13/2021 and 4/13/2022, respectively.

treatment), (a)(4)(the kinds of sentences and sentencing range established for defendants with similar characteristics under applicable guidelines and policy statements, (a)(5)(any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing), and (a)(6)(need to avoid unwarranted disparities among similar defendants). Early termination of probation is within the discretion of the district court and may be warranted due to changed circumstances of a defendant, *United States v. Lussier,* 104 F.3d 32, 36 (2d Cir. 1997).

      Given Mr. Correa's track record, I respectfully submit that it would be appropriate to terminate supervision at this time. The 3553 factors support this: there is no identifiable risk to either the public or any identified party, and a continued period of supervised release is unnecessary for deterrence, protection of the public or to reflect the seriousness of the offense for which the defendant has already completed his custodial term and the first year of his supervised release term. There is no further purpose, I believe, for the resources of the Probation Department to be spent on him. I therefore respectfully request that the Court terminate the term of Supervised Release.

                                                    Sincerely,

                                                    David Wikstrom